IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-10117-WEB |
| | ) | |
| EFRAIN DELARA-TORRES, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

The Defendant, Efrain DeLara-Torres, plead guilty to Unlawful Re-entry after a Conviction for an Aggravated Felony, in violation of 18 U.S.C. § 1326(a) and (b)(2). At the sentencing hearing, the Defendant requested a sentence variance of six months. The Court orally denied the request. This Memorandum and Order supplements the Court's oral ruling.

The Defendant's guideline sentence was 24 to 30 months imprisonment. The Defendant requested a sentencing variance of six months, for a total term of imprisonment of 18 months. In support of his request, the Defendant argued that the Defendant's common law wife was pregnant with the Defendant's child, as well as supporting their six year old child. She grew up as a foster child, and she has worked hard to become a nurse and make something of her life. Defendant's wife wants to maintain citizenship for herself, and also maintain the ability for her children to be educated in the United States. She is trying to make arrangements for them to live in a border town when the Defendant is released, so she can work in the United States, and her children can go to school in the United States. The Defendant requested the court consider the Defendant's family circumstances and grant a variance pursuant to 18 U.S.C. § 3553. The Government objected to this sentence, arguing that the Defendant's criminal history supported a sentence of 24 months. The Government also argued that the Defendant had been deported three

times, prior to the birth of his first child, and he was aware that he could be deported at any time. The Government argued that the Defendant's family circumstance is not unique or extraordinary to justify a variance.

The Court is directed to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a). The court has considered the factors set forth in 18 U.S.C. § 3553, the nature and circumstances of the offense, the defendant's history and characteristics, as well as the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, deter criminal conduct, and protect the public from further crimes of the defendant. The court finds that the Defendant's family circumstances do not warrant a variance. The court notes that this case is a serious offense, reentry after deportation following a conviction of an aggravated felony. By reentering the country, the defendant ignored the court's order that he could not return, as well as the laws of this country. A sentence of 24 months will protect the public from further crimes of the defendant. A sentence of 24 months will avoid a sentence disparity among other defendants with similar records of reentry after deportation. The court has considered the advisory guideline range, the guideline recommendations, the request for a variance, and the policy statements of the Sentencing Commission. The court does not find that the Defendant's family circumstances set this case apart from similar cases. The court finds that a sentence of 24 months, which represents the low end of the guideline range, is an appropriate sentence in this case.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that the defendant's motion for a six month variance based on the factors set forth in 18 U.S.C. § 3553 be DENIED.

The Probation Officer in charge of this case shall see that a copy of this order is

appended to any copy of the Presentence Report made available to the Bureau of Prisons.

SO ORDERED this 9th day of December, 2010.

 s/ Wesley E. Brown
Wesley E. Brown
Senior U.S. District Judge